Per Curiam.

Section 76-6 of the Cleveland City Charter defines the jurisdiction of the Cleveland Board of Building Standards and Building Appeals to hear appeals from the Commis *140 sicmer of Building and Housing and states, in part, as follows:
“* * * To hear and decide appeals from * * * any order, requirement, decision or determination of the Commissioner of Building and Housing, or of any other administrative official or agency of the city, relating to the location, design, materials, construction, alteration, repair, equipment, use or occupancy, maintenance, removal or demolition, of any building or other structure, or any appurtenance connected or attached to such buildings or structures, regulated by the Building Code of the City of Cleveland, * * * except that matters relating to zoning shall not come within the province or jurisdiction of this board. ’ ’
Sections 5.0717 and 6.1309 of the Codified Ordinances of the City of Cleveland provide the procedure by which the board’s jurisdiction to hear appeals is invoked.
Section 5.0717(e) states in part:
“An appeal may be made by any person aggrieved * * *.
“Such appeal shall be made within 30 daps after the decision from which appeal is taken is rendered, by filing with the officer or agency from whose decision the appeal is taken, and with the board, a notice of appeal specifying the grounds thereof * * (Emphasis added.)
Section 6.1309 states in part:
“The owner, agent or person in charge of any dwelling structure shall have the right to appeal from any notice issued by the Commissioner of Housing, within the time specified in such notice for compliance therewith * *
However, under the rule-making authority granted the Board of Building Standards and Building Appeals by Section 76-6 of the Cleveland City Charter, said board promulgated Rule 42 which states:
“The staff of the Board of Building Standards and Building Appeals shall not accept an appeal from a ruling or citation issued by the Division of Building and Housing unless said ruling or citation shall be accompanied by a written determination rendered by the administrative official that the requirements of Chapter 5.11, ‘Zoning’ are complied with for existing or proposed use.” (Emphasis added.)
The Court of Appeals solved this apparent conflict between the city ordinances and Rule 42 by limiting the application of *141 the rule to instances where the “ruling” or “citation” affirmatively alleges a zoning violation on its face. This court cannot agree with the lower court’s solution.
Section 5.0717 expressly states that “such appeal shall be made within 30 days.” This is a mandatory provision which must be complied with by an aggrieved person to enable him to have the right of appeal provided for in Section 6.1309. If an aggrieved person must first appeal from a “ruling” or “citation,” which alleges both building and zoning violations, to the Board of Zoning Appeals to satisfy the requirements of Eule 42, it is entirely possible that the proceedings before such board would exceed 30 days. This would preclude a timely appeal to the Board of Building Standards and Building Appeals as required by Section 5.0717 and would result in a loss of the right to appeal provided for in Section 6.1309.
In oral argument, appellees admitted that, although this might be the effect of Eule 42, the board would certainly waive the requirement of an appeal within 30 days and allow an aggrieved person to appeal after all questions pertaining to zoning were disposed of by the Board of Zoning Appeals.
Am appellant’s right to appeal should not hinge on the whims of an administrative board’s generosity in waiving a mandatory provision of a city ordinance. If, to sustain Eule 42, we hold that the Board of Building Standards and Building Appeals must waive the 30-day limit for appeal that is set forth in Section 5.0717, then we would in effect be holding that a rule of an administrative board may nullify part of that ordinance. Obviously, it cannot. In our opinion, Eule 42 is invalid.

Judgment reversed.

Taut, C. J., Zimmerman, Kerns, O’Neill, Grieeith, Herbert and Gibson, JJ., concur.
Kerns, J., of the Second Appellate District, sitting by designation in the place and stead of Matthias, J.